FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 24 2012

Dr.
BY
DEPUTY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **DEBRA S. GARDNER** | ) | |
| *Plaintiff,* | ) | |
| | ) | **Case No** 4:12cv557 |
| vs | ) | |
| | ) | |
| **FIA CARD SERVICES NATIONAL** | ) | **Judge** Schell |
| **ASSOCIATION** | ) | |
| **BANK OF AMERICA CORPORATION** | ) | |
| | ) | |
| *Defendants.* | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| | ) | |

## COMPLAINT FOR VIOLATIONS OF THE FCRA, AND TCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p, 47 U.S.C § 227(b)(3), and 28 U.S.C. § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Debra S. Gardner, a natural person, who resides in Collin County, Texas.

4. Defendant, FIA CARD SERVICES NATIONAL ASSOCIATION, a credit card institution, is a subsidiary unit of BANK OF AMERICA CORPORATION. FDIC Certificate # 33318, Federal Reserve ID 1830035 with a mailing address of PO Box 15026, Wilmington, DE 19850 and a physical address of 1100 North King Street, Wilmington, DE 19801.

5.  Defendant BANK OF AMERICA CORPORATION ("BAC") is the parent company of FIA CARD SERVICES NATIONAL ASSOCIATION with offices at 100 North Tryon Street, Charlotte, NC 28255.

## VENUE

6.  The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

7.  Venue is proper in the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

8.  Plaintiff obtained her credit reports from all three major credit reporting agencies and found entries by entities she was unfamiliar with in the reports.

9.  Plaintiff found after examination of her TransUnion credit report that Defendant FIA CARD SERVICES NATIONAL ASSOCIATION (FIA CSNA) had obtained Plaintiff's TransUnion report on August 1, 2011, October 1, 2011, November 1, 2011, and January 1, 2012.

10. Discovery of violations brought forth herein occurred June 2012 and are within the FCRA statue of limitations as defined in the FCRA 15 U.S.C. §1681p.

11. Plaintiff contacted TransUnion via certified mail receipt return receipt 7011 0110 0002 4345 2599 on June 12, 2012, and received June 15, 2012 disputing FIA CARD SERVICES NATIONAL ASSOCIATION credit inquiries.

12. Plaintiff contacted FIA CARD SERVICES NATIONAL ASSOCIATION via certified mail return receipt 7011 0110 0002 4345 2612 on June 12, 2012, and received June 15, 2012 questioning unauthorized credit inquiries made through TransUnion.

13. Defendant Daphney Case of BANK OF AMERICA CORPORATION on June 27, 2012 violated the TCPA by calling Plaintiff's cell phone 3 times at 12:56pm, 12:58pm, and

1:11PM, on Plaintiff's cell phone coming in as withheld with no prior permission given by Plaintiff. Plaintiff did not provide cell phone information to Defendant.

14. Plaintiff upon checking her voicemail, Ms Case left her name and number of 602-597-7551 stating she was the assistant to Brian T Moynihan CEO of BANK OF AMERICA asking Plaintiff to return her call.  Defendant violated the TCPA by leaving a recorded message on Plaintiff's cell phone without express permission.

15. Plaintiff returned the call, got voice mail and left Ms Case a message. Ms Case returned the call June 27, 2012 at 1:38pm. Ms Case asked permission to record the call. Ms Case then proceeded to advise Plaintiff a request had been sent June 26, 2012 to all Credit bureaus to remove inquiries which would take 45 to 60 days to process (exhibit A).

16. Ms Case further stated that she showed a record of two accounts 5401-2659-9900-6862 and 5401-2656-5002-9427 from 1988 when Plaintiff lived at 1325 Tanbark Court. She stated the accounts were discharged in 1993 in bankruptcy. Ms Case stated she could not find a reason for inquiries made on Plaintiff's credit report and would research further. Plaintiff thanked her for the information.

## COUNT I

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 et seq. BY DEFENDANTS FIA CARD SERVICES NATIONAL ASSOCIATION, AND BANK OF AMERICA CORPORATION**

17. Paragraphs 1 through 16 are re-alleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

19. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

20. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).

21. The FCRA, 15 U.S.C § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

22. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry from the Defendant FIA CARD SERVICES NATIONAL ASSOCIATION/BANK OF AMERICA CORPORATION.

23. On August 1, 2011, October 1, 2011, November 1, 2011, and January 1, 2012 Defendant obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C § 1681b.

24. Plaintiff contacted FIA CARD SERVICES NATIONAL ASSOCIATION via certified mail return receipt 7011 0110 0002 4345 2612 on June 12, 2012 notifying them of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them.

25. At no time did Plaintiff give her consent for FIA CARD SERVICES NATIONAL ASSOCIATION/BANK OF AMERICA CORPORATION to acquire her consumer credit report from any credit reporting agency.

26. The actions of the Defendant obtaining the consumer report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful and/or negligent violation of FCRA 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

27. At no time has FIA CARD SERVICES NATIONAL ASSOCIATION/BANK OF
AMERICA CORPORATION ever indicated what justification they may have had in
obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there
was any legitimate permissible purpose before obtaining Plaintiff's credit report and
Defendant breached said duty by failing to do so. There was no account that the Defendant
had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and
therefore plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment **against each and every Defendant**, FIA
CARD SERVICES NATIONAL ASSOCIATION, and BANK OF AMERICA
CORPORATION, for statutory damages of $4000.00, any attorney's fees, and costs pursuant
to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 BY DEFENDANT BANK OF AMERICA CORPORATION

28. Paragraphs 1 through 16 are re-alleged as though fully set forth herein.

29. BANK OF AMERICA CORPORATION is the parent company of FIA CARD SERVICES
NATIONAL ASSOCIATION and had a duty to assure that they properly trained its
employees in all aspects of the law regarding collections and operated within both Federal
and State Law while engaging in debt collection.

30. Defendant willfully and/or negligently violated 47 U.S.C. § 227 by calling Plaintiff's
number, which is assigned to a cellular telephone service, with no prior permission from
Plaintiff.

31. Defendant willfully and/or negligently violated 47 U.S.C. § 227 by leaving a recorded message on Plaintiff's number, which is assigned to a cellular telephone service, without express permission from Plaintiff.

WHEREFORE, Plaintiff demands judgment **against each and every Defendant**, BANK OF AMERICA CORPORATION, for $3000.00 statutory damages, any attorney's fees, and costs pursuant to 47 U.S.C. § 227(b)(3)(B).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August 24, 2012

Respectfully Submitted,

Debra S. Gardner
3100 Independence Pkwy.
Ste. 311-234
Plano, Texas 75075
972-398-0777